# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1295V
Filed: August 14, 2017
UNPUBLISHED

|  |  |
|---|---|
| LORI MCNEAL,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for petitioner.
*Douglas Ross*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On November 2, 2015, Lori McNeal ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury as a result of receiving an influenza ("flu") vaccine on September 27, 2013. Petition at 1. On August 15, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 23).

  On February 9, 2017, petitioner filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 28). Petitioner requests attorneys' fees in the amount of $11,177.50 and attorneys' costs in the amount of $632.03, for a total amount of $11,809.53. Pet. Motion, Tab A. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  Pet. Motion, Tab G.

On February 10, 2017, respondent filed a response stating respondent has no objection to petitioner's motion.  (ECF No. 29).  Respondent cautions, however, that his lack of objection "should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.*  Petitioner has not filed a reply.

## I.  Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of <u>reasonable</u> attorneys' fees and costs. § 15(e)(1) (emphasis added).  As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act.  *Saxton ex rel. v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99-908, at 36 *reprinted in* 1986 U.S.C.C.A.N. 6344, 6377).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is very significantly lower than the forum rate.  *Avera*, 515 F.3d at 1349.  If these two requirements are met, the *Davis* exception applies, and that petitioner's counsel is paid according to the local rate.  *Id.*; *see Davis County Solid Waste Management and Energy Recovery Special Service District v. United States Environmental Protection Agency*, 169 F.3d 755 (D.C. Cir. 1999).

Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as fees.  *See Perriera v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Reasonable expert costs are calculated using the same lodestar method as is used when calculating attorneys' fees.  *Masias v. Sec'y of Health & Human Servs.*, No. 99-697V, 2009 WL 1838979, at *37 (Fed. Cl. Spec. Mstr. June 12, 2009).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  They are entitled to rely on their prior experience and, based on experience and judgment, may reduce the number of hours to an amount reasonable for the work performed.  *Saxton*, 3 F.3d at 1521.  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson*, 24 Cl. Ct. at 484. She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983).

## II. Appropriate Amount of Attorneys' Fees and Costs

### A. Appropriate Hourly Rates

Petitioner seeks attorneys' fees in the amount of $11,177.50 which reflects the following hourly rates:

| | | |
|---|---|---|
| Mr. Richard Gage, attorney: | $373.75 | for 2014 |
| | $387.50 | for 2015 |
| | $401.75 | for 2016-17 |
| Mr. Donald Gerstein: | $350 | for 2015 |
| Mr. James Mitchell: | $325 | for 2016 |
| Ms. Susan McNair (paralegal): | $135 | for 2015-16 |
| Mr. Brian Vance (paralegal): | $135 | for 2016-17 |
| Ms. Anne Hess (paralegal): | $112 | for 2015 |

These rates are within the ranges of forum rates in the schedules found on the court's website[3] which are based upon the ranges of forum rates set forth in *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4]

Several of my colleagues, however, recently determined that attorneys at Mr. Gage's law firm in Cheyenne, Wyoming, are not entitled to forum rates. *See Henderson v. Sec'y of Health & Human Servs.*, No. 14-1082V, 2017 WL 2628170 (Fed. Cl. Spec.

---

[3] *See* http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf (last visited on Aug. 9, 2017) (for the OSM's 2015-16 Fee Schedule); http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on Aug. 9, 2017) (OSM's 2017 Fee Schedule).

[4] Although the parties in *McCulloch* did not seek review, much of the reasoning of the *McCulloch* decision was later examined approvingly in *Garrison v. Sec'y of Health & Human Servs.*, No. 14-762V, 128 Fed. Cl. 99 (2016).

Mstr. May 25, 2017); *Auch v. Sec'y of Health & Human Servs.*, No. 12-0673V, 2017 WL 1718783 (Fed. Cl. Spec. Mstr. Apr. 5, 2017); *Onikama v. Sec'y of Health & Human Servs.*, No. 15-1348V, 2017 WL 1718798 (Fed. Cl. Spec. Mstr. Apr. 3, 2017). The undersigned fully agrees with the reasoning set forth in these decisions.

Adopting the rates set for work performed by Mr. Gage in 2014-17 by Special Master Roth in *Henderson*, the undersigned finds petitioner should be awarded attorneys' fees for work performed by Mr. Gage at the following hourly rates: $300 for 2014-15, $311 for 2016, and $318 for 2017. 2017 WL 2628170, at *3. As in *Henderson*, Mr. Gage's hourly rate for 2016 is determined by increasing his 2014-15 rate by the 3.7% inflation rate utilized in *McCulloch* and for 2017 by increasing his 2016 rate by the increase in PPI-OL (the same method used to increase the ranges found on the court's website for 2017). *See id.*, at *3, 3 n.7; *see also McCulloch*, 2015 WL 5634323, at *16; Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule: 2017 at 1-2, nn.3-4 which can be found at http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited on Aug. 9, 2017).

The undersigned also agrees with the reasoning employed by Special Master Roth and another colleague, Special Master Millman, regarding the appropriate hourly rate for Mr. Gerstein. *See Henderson*, 2017 WL 2628170, at *3; *McErlean v. Sec'y of Health & Human Servs.*, No. 13-543V, 2016 WL 4575583, at *5 (Fed. Cl. Spec. Mstr. July 28, 2016). Although Mr. Gerstein has been licensed for 30 years, he has only been practicing in the Vaccine Program since 2010. Mr. Gage has been practicing in the Vaccine Program for almost 30 years. Thus, Mr. Gerstein's hourly rate should be lower. Based on Mr. Gerstein's level of experience and quality of work in this case, like Special Master Roth in *Henderson*, the undersigned finds $250 to be an appropriate hourly rate for work performed by Mr. Gerstein in 2015. 2017 WL 2628170, at *3.

None of the decisions cited address the issue of an appropriate hourly rate for work performed by Mr. Mitchell. Like Mr. Gerstein, Mr. Mitchell has significant legal experience but is new to the Vaccine Program. Thus, attorneys' fees should be awarded for his work utilizing the same hourly rates as for Mr. Gerstein. Following the framework employed for increasing Mr. Gage's rate, Mr. Mitchel would be entitled to an hourly rate of $259 for 2016 (reflecting an increase of 3.7%) and of $265 for 2017 (reflecting an increase based on the increase in PPI-OL from 2016 to 2017). All work performed by Mr. Mitchell in this case occurred in 2016. Based on Mr. Mitchell's level of experience and quality of work in this case, the undersigned finds $259 to be an appropriate hourly rate for work performed by Mr. Mitchell in 2016.

In *Onikama*, Special Master Gowen determined that an hourly rate of $120 was appropriate for work performed by the two more experienced paralegals at Mr. Gage's law firm, Susan McNair and Brian Vance. 2017 WL 1718796, at *13. He set the rate for work performed by Anne Hess, a less experienced paralegal at $100 per hour. *Id.*, at *14. In *Henderson*, Special Master Roth agreed and awarded the same hourly rates.

2017 WL 2628170, at *3.  The undersigned fully agrees with the reasoning set forth in those two decisions and finds $120 to be an appropriate hourly rate for work performed by Ms. McNair and Mr. Vance and $100 to be an appropriate hourly rate for work performed by Ms. Hess in this case.

### B. Appropriate Amount of Hours Billed

The undersigned recently awarded attorneys' fees in another SPU case, *Kerridge* No. 15-852V,[5] for work performed by Mr. Gage, Mr. Gerstein, and the two more experienced paralegals involved in this case.  Following the reasoning of Special Master Moran in *Wilson*, the undersigned found that the billing records showed a number of conferences and administrative work which warranted an overall reduction of 5% in the amount of attorneys' fees awarded in *Kerridge*.  *See Wilson v. Sec'y of Health & Human Servs.*, No. 14-411V, 2017 WL 1374748 (Fed. Cl. Spec. Mstr. Mar. 22, 2017).  Similar entries can be found in this case.  *See, e.g.*, Pet. Motion, Tabs C and F (status conference on Apr. 29, 2015 and office meeting on June 18, 2015 between Mr. Gage and Ms. McNair).  Thus, after reducing the amount of attorneys' fees awarded to reflect the hourly rates being awarded, the undersigned also reduces the amount of attorneys' fees by 5%.

### C. Appropriate Amount of Costs

Petitioner has provided receipts which support the costs sought in this case.  In the undersigned's experience, these costs appear reasonable.  No reduction in costs is warranted.

### D. Amounts Deducted

The undersigned has determined the following hourly rates are appropriate in this case:

| | | |
|---|---|---|
| Mr. Richard Gage, attorney: | $300 | for 2014-15 |
| | $311 | for 2016 |
| | $318 | for 2017 |
| Mr. Donald Gerstein: | $250 | for 2015 |
| Mr. James Mitchell: | $259 | for 2016 |
| Ms. Susan McNair (paralegal): | $120 | for 2015-16 |
| Mr. Brian Vance (paralegal): | $120 | for 2016-17 |
| Ms. Anne Hess: | $100 | for 2015 |

---

[5] This case has not yet been posted to the court's website.

5

Adjusting the rates accordingly results in an overall deduction of **$2,353.01.**

**Deductions due to Reduction in Hourly Rates:**

| Category of Hours | Hours Sought | Rate Sought | Rate Paid | Amount Sought | Amount Deducted | Amount Paid |
|---|---|---|---|---|---|---|
| RG - 2014 | .4 | $373.75 | $300 | $149.50 | $29.50 | $120.00 |
| RG - 2015 | 5.1 | $387.50 | $300 | $1,976.25 | $446.25 | $1,530.00 |
| RG - 2016 | 6.3 | $401.75 | $311 | $2,531.03 | $571.73 | $1,959.30 |
| RG - 2017 | 3.5 | $401.75 | $318 | $1,406.13 | $293.13 | $1,113.00 |
| DG - 2015 | 5.9 | $350 | $250 | $2,065.00 | $590.00 | $1,475.00 |
| JM - 2016 | 2.8 | $325 | $259 | $910.00 | $184.80 | $725.20 |
| SM | 10.2 | $135 | $120 | $1,377.00 | $153.00 | $1,224.00 |
| BV | 5.4 | $135 | $120 | $729.00 | $81.00 | $648.00 |
| AH | .3 | $112 | $100 | $33.60 | $3.60 | $30.00 |
| **Total for Fees** | | | | **$11,177.51**[6] | **$2,353.01** | **$8,824.50** |

Additionally, the undersigned has determined an overall reduction of 5% in hours billed is warranted. Thus, the amount of attorneys' fees is further reduced by **$441.23.**

### III.   Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned awards attorneys' fees in the amount of **$8,383.27** and attorneys' costs in the amount of **$632.03.**

**Accordingly, the undersigned awards the total of $9,015.30[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Richard Gage.**

The clerk of the court shall enter judgment in accordance herewith.[8]

---

[6] Due to rounding for the amount in each category as opposed to the total for each attorney or paralegal, this total is one cent more than the total requested by petitioner. The corresponding numbers under "Amounts Deducted" are similarly rounded. Thus, the end result is the same.

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

                                                                  **s/Nora Beth Dorsey**
                                                                   Nora Beth Dorsey
                                                                   Chief Special Master